UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE

Donald Koehler

    v.                                                 Civil No. 06-cv-036-SM

State of New Hampshire


**O R D E R**

Donald Koehler has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 alleging that he is entitled to release from the custody of the New Hampshire State Prison ("NHSP") (document no. 1). Koehler alleges that his conviction and sentence were imposed pursuant to a guilty plea that was not knowingly, intelligently, and voluntarily entered, and that his incarceration pursuant to that plea therefore violates his rights. The petition is before me for preliminary review to determine whether or not Koehler has made a facially sufficient claim under § 2254 to direct that the petition be answered at this time. See Rule 4 of the Rules Governing § 2254 Proceedings ("§ 2254 Rule") (requiring initial review to determine whether the petition is facially valid and may be served); see also United States District Court for the District

of New Hampshire Local Rules ("LR") 4.3(d)(2) (authorizing the magistrate judge to preliminarily review *pro se* pleadings). As explained fully herein, because Koehler is in custody and has adequately alleged exhaustion of his claims, I order the petition to be served on the Respondent.

### Standard of Review

Under this Court's local rules, when an incarcerated plaintiff commences an action *pro se* and *in forma pauperis*, the magistrate judge is directed to conduct a preliminary review and to prepare a report and recommendation determining whether the complaint or any portion thereof should be dismissed because:

> (i) the allegation of poverty is untrue, the action is frivolous, malicious, or fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief under 28 U.S.C. § 1915A(b); or
>
> (ii) it fails to establish subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1).

LR 4.3(d)(2). In conducting the preliminary review, the Court construes *pro se* pleadings liberally. See Ayala Serrano v. Lebron Gonzales, 909 F.2d 8, 15 (1st Cir. 1990) (following Estelle v. Gamble, 429 U.S. 97, 106 (1976) to construe *pro se* pleadings liberally in favor of the *pro se* party). "The policy behind affording *pro se* plaintiffs liberal interpretation is that

if they present sufficient facts, the court may intuit the correct cause of action, even if it was imperfectly pled." Ahmed v. Rosenblatt, 118 F.3d 886, 890 (1st Cir. 1997), cert. denied, Ahmed v. Greenwood, 522 U.S. 1148 (1998).

At this preliminary stage of review, all factual assertions made by the petitioner and inferences reasonably drawn therefrom must be accepted as true. See Aulson v. Blanchard, 83 F.3d 1, 3 (1st Cir. 1996) (stating the "failure to state a claim" standard of review and explaining that all "well-pleaded factual averments," not bald assertions, must be accepted as true). This review ensures that *pro se* pleadings are given fair and meaningful consideration. See Eveland v. Dir. of CIA, 843 F.2d 46, 49 (1st Cir. 1988).

### Background

On April 14, 2004, Koehler was sentenced to 1½ – 4 years in the NHSP for one count of felony theft, and to a concurrent sentence for violating his parole on a different sentence. As part of his sentence, Koehler was placed on probation for five years following his release from prison. Due to the particularities of the cases, the sentence on the theft charge was set to expire prior to the concurrent sentence he received on

his parole violation.  Because of the expiration of the theft sentence before the expiration of the parole violation sentence, Koehler alleges that he sincerely believed that the five-year term of probation was null and void.  Koehler further alleges that the attorney who represented him at his plea and sentencing did not explain the implications of the probation term and that he would not have agreed to a term of probation had he been aware that it would extend beyond his release from incarceration.[1]

Koehler filed a *pro se* motion to clarify his sentence in the state sentencing court, which he has attached to his petition. That motion, though improperly named, argues that the sentence is ambiguous and that because he did not comprehend the extent of the sentence imposed, the sentence should be "clarified" to remove the term of probation.  The court denied the motion. Koehler appealed to the New Hampshire Supreme Court, and between November of 2005 and the filing of this petition, that Court summarily denied his appeal.

---

[1] A probationary term can be more onerous for a convicted felon than a term of parole because if parole is violated, the person can be made to serve only the maximum sentence imposed by the judge, which may be less than the statutory maximum for the crime of which the individual was convicted.  If a convicted person violates probation, however, he may be sentenced up to the maximum sentence permitted by statute.  See State v. White, 131 N.H. 444 (1989).

Discussion

1.  Custody and Exhaustion

To be eligible for habeas relief, Koehler must show that he is both in custody and has exhausted all state court remedies or that he is excused from exhausting those remedies because of an absence of available or effective state corrective process. See 28 U.S.C. § 2254(a) & (b); see Duncan v. Kennedy, 513 U.S. 364, 365 (1995) (*per curiam*).  Koehler satisfies the first requirement as he is currently serving a New Hampshire prison sentence and is thus in custody.

A petitioner's remedies in New Hampshire are exhausted when the State's highest court has had an opportunity to rule on the petitioner's federal constitutional claims.  See Lanigan v. Maloney, 853 F.2d 40, 42 (1st Cir. 1988), cert. denied, 488 U.S. 1007 (1989) ("habeas corpus petitioner must have presented the substance of his federal constitutional claim to the state appellate courts so that the state had the first chance to correct the claimed constitutional error"); see also Baldwin v. Reese, 541 U.S. 27 (2004) (citing Duncan, 513 U.S. at 365-66 (requiring petitioner to "fairly present" his claim in the appropriate state courts, including a state supreme court with

powers of discretionary review, thereby alerting that court to the federal nature of the claim)).

Koehler claims here that his plea was not knowingly and voluntarily made because he was misinformed and misunderstood the penalty that could be imposed pursuant to his plea.  Koehler alleges here that his conviction and sentence pursuant to that plea therefore violate his due process rights.  A defendant entering a guilty plea waives a number of constitutional rights, including his Sixth Amendment right to trial by jury.  McCarthy v. United States, 394 U.S. 459, 466 (1969).  For this waiver to be valid under the Due Process Clause of the Fourteenth Amendment, it must be "'an intentional relinquishment or abandonment of a known right or privilege.'" Id., citing Johnson v. Zerbst, 304 U.S. 458, 464 (1938).  If a defendant's guilty plea is not voluntarily and knowingly made, it violates due process and is therefore void.  McCarthy, 394 U.S. at 466.; United States v. Santo, 225 F.3d 92, 97-98 (1st Cir. 2000) (sentencing court is obligated to advise defendant of maximum sentence prior to accepting a guilty plea).

The narrative of Koehler's notice of appeal does not specifically cite to any federal law upon which Koehler's claim

is based.  Koehler's motion to clarify, however, was appended to that notice of appeal.  The motion to clarify cites to <u>Santobello v. New York</u>, 404 U.S. 257 (1971), a federal case dealing with, among other things, the necessity that a guilty plea be knowingly and voluntarily entered.  404 U.S. at 261.  Accordingly, I find that Koehler raised the federal nature of his claim in the state courts in a manner sufficient to exhaust his claim.

## Conclusion

Accordingly, I order the petition to be served on the Respondent.  <u>See</u> Rule 4 of the Rules Governing § 2254 Proceedings ("§ 2254 Rules").  The Respondent shall file an answer or other pleading in response to the allegations made therein.  <u>See</u> <u>id.</u> (requiring reviewing judge to order a response to the petition). The Clerk's office is directed to serve the New Hampshire Office of the Attorney General as provided in the Agreement On Acceptance Of Service, copies of this Order and the habeas petition (document no. 1).  Respondent shall answer or otherwise plead within thirty (30) days of the date of this Order.  The answer shall comply with the requirements of § 2254 Rule 5 (setting forth contents of the answer).

Upon receipt of the response, the Court will determine whether a hearing is warranted. See § 2254 Rule 8 (providing circumstances under which a hearing is appropriate).

Petitioner is referred to Fed. R. Civ. P. 5, which requires that every pleading, written motion, notice, and similar paper, after the petition, shall be served on all parties.  Such service is to be made by mailing the material to the parties' attorneys.

**SO ORDERED.**

_____
James R. Muirhead
United States Magistrate Judge

Date:    March 17, 2006

cc:      Donald Koehler, *pro se*